UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERMENA THOMPSON,<br><br>  Plaintiff,<br><br>v.<br><br>ACCREDITED MANAGEMENT<br>SOLUTIONS LLC,<br><br>  Defendant. | Case No. 1:20-cv-01383<br><br>Honorable Charles R. Norgle, Sr.<br><br>Honorable Gabriel Fuentes<br>Magistrate Judge |

## MOTION FOR DEFAULT JUDGMENT

NOW COMES HERMENA THOMPSON ("Plaintiff"), through undersigned counsel, pursuant to Fed. R. Civ. P. 55(b)(2), and respectfully requests this Court enter an order of default judgment against ACCREDITED MANAGEMENT SOLUTIONS, LLC ("Defendant"). In support thereof, Plaintiff states as follows:

### BACKGROUND

1. On February 7, 2020, Plaintiff brought suit against Defendant alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 et seq. [Doc. # 1].

2. During 2019 Plaintiff started to receive collection phone calls from Defendant *Id*. at ¶15.

3. Often times, Plaintiff was met by an automated, machine-operated voice saying: "...press '1' to speak to … representative." *Id*. at ¶17.

4. On several occasions, Plaintiff pressed "1" and was met by clear pause prior to being transferred to Defendant's representative. *Id*. at ¶19.

5. Defendant's asked to speak to "Estella Clark." *Id*. at ¶20.

6. Estella Clark is Plaintiff's mother. *Id*. at ¶21.

7. Defendant sought to collect a "debt" as that term is a defined by 15 U.S.C. § 1692a(5). *Id*. at ¶22.

8. Plaintiff informed Defendant she was not Estella. *Id*. at ¶23.

9. Plaintiff then instructed Defendant to stop calling. *Id*. at ¶24.

10. Unfortunately, no less than 10 phone calls have been received from number(s) leading back to Defendant – including (217) 953-0914. *Id.* at ¶25.

11. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10) by targeting Plaintiff with phone calls seeking to collect debt that she did not owe. *Id.* at ¶38.

12. Defendant placed or caused to be placed no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) *Id.* at ¶41.

13. Complaint and summons were served on March 9, 2021. [Doc. # 5].

14. Defendant has failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12 on or before June 15, 2020 pursuant to Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY.

15. As result, of Defendant's failure to do so, on April 21, 2021, Plaintiff provided an update to the court that she would be seeking a Default Judgment. [Doc. # 15].

16. On May 4, 2021, this Honorable Court entered a Minute entry setting a telephonic presentation of Plaintiff's Motion for Default and/or Default Judgment for May 20th, 2021 at 10:00 a.m. [Doc. # 16].

## RELIEF REQUESTED

15. Plaintiff respectfully requests this Court enter an order of default judgment in favor of Plaintiff, or against Defendant.

## BRIEF IN SUPPORT

16. Defendant received notice of this action and has willfully failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12.

17. Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 47 U.S.C. §227 (b)(1)(A)(iii), costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

**I.  Statutory Damages**

    **A.  Fair Debt Collection Practices Act**

18. Plaintiff seeks statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

19. Section 1692d provides:

> Section 1692d provides: [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

20. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

(2) the False Representation of- (A) the character, amount, or legal status of any debt.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20. Defendant violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiff after being asked to cease.

21. The phone calls at issue were intended to be annoying, abusive, or harassing.

22. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A) and e(10) by targeting Plaintiff with phone calls seeking to collect debt that she did not owe.

**B.   Telephone Consumer Protection Act**

23. Plaintiff seeks statutory damages pursuant to 47 U.S.C. §227 (b)(1)(A)(iii) and 47 U.S.C. §227 (3)(B).

24. Section 227 (b)(1)(A)(iii) provides:

Restrictions on Use of Automated Telephone Equipment: It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States: (A): to any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice

(iii): to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

25. Section 227 (5)(B) provides: A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in appropriate court of that State (B): an action to recover for actual monetary loss from such a violation, or to receive up to %500 in damages for each such violation, whichever is greater. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

26. Defendant placed or caused to be placed no less than 10 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**II.    Costs of the Action**

28. Plaintiff seeks $3,527.75 in costs of this action, together with reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). A true and correct copy of Plaintiff's Affidavit in Support of Plaintiff's Motion for Default Judgment is attached hereto as Group Exhibit A.

WHEREFORE, Plaintiff respectfully requests this Court:

A.    Enter an Order of Default Judgment against Defendant or in favor of Plaintiff;

B. Award statutory damages in amount of $1,000.00 to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Award costs of this action, together with reasonable attorney's fees in amount of $3,527.75 to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Award statutory damages in the minimum amount of $5,000 to Plaintiff pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

E. Allow post-judgment interest to accrue; and

F. Grant such other relief as this Court deems just and proper.

DATED: May 19, 2021

Respectfully submitted,

HERMENA THOMPSON

By: */s/ Victor T. Metroff*

Mohammed O. Badwan
Victor T. Metroff
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system.

I further certify that I caused a true and correct copy of the foregoing MOTION FOR DEFAULT JUDGMENT to be served via United States Postal Service Priority Mail on May 19, 2021 to:

Accredited Management Solutions LLC
c/o Registered Agent
Jeremy Brown
8625 Transit Road
East Amherst, NY 14051

*/s/ Victor T. Metroff*